Dear Mr. Overton:
You advise this office that you hold the position of parish employee of the Department of Public Works. The position is one of four supervisors within the department, and is entitled "Off-Road Drainage Supervisor". You specifically state that you are not the Director of the Department of Public Works, an assumption upon which the conclusion of Opinion 02-0110 is predicted.[1]
Your question is: May you continue to hold full-time employment with the Iberville Parish Department of Public Works if you are elected as Mayor of the Town of Maringouin?
We respond in the affirmative. R.S. 42:63D of Louisiana's Dual Officeholding and Dual Employment Law provides in part as follows:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold
another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. . . .
A parish governing authority and a municipality are separate local political subdivisions as defined in the dual officeholding law at R.S. 42:62(9).
We conclude that if you are elected Mayor of the Town of Maringuoin that you may continue to hold parish employment with the Iberville Parish Department of Public Works.
Note that our opinion herein is based on the assumption that the position of supervisor constitutes employment and is not an appointive office as defined in R.S. 42:42.62(2):
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
Should a parish ordinance create the position of supervisor, such position would then be considered an appointive office, and the legal conclusion drawn in Opinion #02-0110 (specifically, that one cannot hold local elective office and full-time appointive office) would be applicable.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: May 20, 2002
[1] In Opinion 02-0110, this office determined that R.S. 42:63 (D) prohibits one from holding local elective office and a full-time appointive office. The Director of Department of Public Works in Iberville Parish holds an appointive office pursuant to the terms of that parish's home rule charter.